UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACOB FLYNN,

        Plaintiff,

v.

ACCREDITED MANAGEMENT SOLUTIONS LLC,
JDB HOLDINGS LLC,
UNITED MERCHANT ASSET RECOVERY, LLC,
UNITED MERCHANT ASSET RECOVERY OF WNY, LLC,
O'BRIEN WEXLER AND ASSOCIATES LLC,
INTERNATIONAL RECOVERY PARTNERS & ASSOCIATES, LLC,
COPELAND KLEIN & ASSOCIATES LLC,
JEREMY D. BROWN,
HESTON F. MCCLAIN,
CHANTELLE NICOLE MCCLAIN,
DANA D. SCOTT,
MICHAEL DAVID ENZINNA,
SEAN M. MILLARD,
ANTHONY K. CLAYTON,
CHARLES JOSEPH JOHNSON JR.,
MAHOGONY ALLEN,
THOMAS EUGENE CLARE,
DONALD DEBOE,
NICOLE R. DRZYZGA,
EMILY J. HARVEY,
ALEXIS D. HENNEBOHL,
MICHELLE J. HOOVER,
THOMAS LETCHER,
JAMIE L. LETCHER,
DARRIN L. SNELL,
JON  DANIEL WILEY,
AMANDA MARIE YOUSETT,
JEREMY J. ZIMMERMAN,
DERRICK J. STARKS, and
ERIC C. WILLIAMS SR.,

        Defendants.

_____/

1

<u>COMPLAINT</u>

**I.     Introduction**

1.      Plaintiff is a victim of credit identity theft, whose stolen personal and financial information was used to create a counterfeit auto loan account and fake debt. Defendants are debt collectors and credit identity thieves who acquired and used the stolen information and counterfeit account to contact and falsely threaten plaintiff with litigation, prosecution and other adverse consequences, in efforts to coerce the payment of money from plaintiff.

2.      For a period of years, the defendants named in this lawsuit have been engaged in a massive and ongoing scheme, regularly purchasing large portfolios of counterfeit accounts and related, stolen consumer personal information, and using that information to contact and falsely threaten tens of thousands of consumers across the country with litigation, prosecution and other adverse consequences, in efforts to extort the payment of money.

3.      Defendants have violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.,* and Driver's Privacy Protection Act of 1994 ("DPPA"), 18 U.S.C. § 2721 *et seq*.

4.      Defendants, along with other entities and individuals to be identified in discovery, are involved in a large, elaborate, and ongoing scheme to contact consumers across the country and falsely threaten litigation, prosecution and other adverse consequences unless the consumers pay money to defendants to supposedly satisfy counterfeit, paid, or time-barred debts. Defendants' scheme is sometimes known as "The Shakedown" or "The Shake."

5.      These schemes are epidemic and are operated by thousands of entities located in and around Los Angeles, California, Jacksonville and Miami, Florida, Buffalo, New York,

2

Atlanta, Georgia, Charlotte, North Carolina, and Rock Hill, South Carolina.

6.      On November 4, 2015, the Federal Trade Commission and other law enforcement authorities around the country announced the first coordinated federal-state enforcement initiative targeting deceptive and abusive debt collection practices. The "Operation Collection Protection" initiative is described by the FTC as a nationwide crackdown by federal, state, and local law enforcement authorities against collectors who use illegal tactics such as harassing phone calls and false threats of litigation, arrest, and wage garnishment. The initiative targets debt collectors who attempt to collect so-called phantom debts – phony debts that consumers do not actually owe.  See www.ftc.gov/news-events/press-releases/2015.

7.      Even more recently, the federal government has begun to criminally indict individuals involved in the type of scam that is described in this complaint. See, for example, the forty-one count indictment filed on March 3, 2016 by the United States of America against Alan Ceccarelli, in the United States District Court, Western District of New York (Buffalo), Case No. 1:16-cr-00024-EAW-HKS-1, 122, with charges that include Wire Fraud and Aggravated Identity Theft. See also, Consumer Financial Protection Bureau v. Douglas MacKinnon et al., U.S. District Court, Western District of New York (Buffalo), Case No. 1:16-cv-00880FPG, filed November 2, 2016, in which the government alleges that the defendants cheated thousands of consumers out of millions of dollars by running the same type of scam that is described in this complaint.

8.      The Identity Theft and Assumption Deterrence Act, 18 U.S.C. § 1028, makes it a felony to "knowingly transfer, possess, or use, without lawful authority, a means of identification of another person with the intent to commit, or to aid or abet, or in connection with, any unlawful

activity that constitutes a violation of Federal law . . . ." The act defines a "means of identification" to include an individual's "name, social security number, date of birth," and other information.

## II. Jurisdiction

9. The Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), 18 U.S.C. § 2724(a) (DPPA), and 28 U.S.C. § 1331.

## III. Parties

10. Plaintiff Jacob Flynn is an adult, natural person. Mr. Flynn is a "consumer" and "person" as the terms are defined and used in the FDCPA.

11. Defendant Accredited Management Solutions LLC ("AMS") is a New York limited liability company, formed July 9, 2019, and doing business at 8625 Transit Road, East Amherst, New York 14051. Defendant Jeremy D. Brown is named as the agent to receive service of process for AMS from the New York Secretary of State. AMS uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. AMS regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. AMS is a "debt collector" as the term is defined and used in the FDCPA.

12. The Better Business Bureau for Upstate New York maintains an internet website with a file for AMS, containing multiple consumer complaints that describe in detail, AMS and its employees and agents engaging in the same credit identity theft and debt collection scam that is described in this complaint.

13. AMS has been sued multiple time for allegedly violating the FDCPA by engaging in the same in the same credit identity theft and debt collection scam that is described in this complaint. When sued, AMS does not defend and defaults. See, for example: *Goodwyn v.*

*Accredited Management Solutions, LLC,* U.S. District Court, Middle District of Florida (Tampa), Case No. 8:20-cv-00244-TPB-TGW (filed January 31, 2020); *Jung v. Accredited Management Solutions, LLC,* U.S. District Court, Southern District of Texas (Houston), Case No. 4:20-cv-00487 (filed February 13, 2020); *Thompson v. Accredited Management Solutions, LLC,* U.S. District Court, Northern District of Illinois (Chicago), Case No. 1:20-cv-01383 (filed February 26, 2020); and *Clark v. Accredited Management Solutions, LLC,* U.S. District Court, Northern District of Illinois (Chicago), Case No. 1:20-cv-01610 (filed March 5, 2020).

14.     AMS through its employees and agents directly and indirectly participated in the efforts to collect an alleged debt from Mr. Flynn that are described in this complaint.

15.     Defendants have used multiple telephone numbers to conduct their credit identity theft and debt collection scam, including 888-916-2567, which is the primary number used by defendants to communicate with Mr. Flynn, as described below. According to defendants' telephone service provider, the subscribers to telephone number 888-916-2567 are Accredited Management Solutions LLC, 8625 Transit Road, East Amherst, New York 14051, with defendant Heston F. McClain listed as the company owner and contract signer, and Michael David Enzinna listed as the company manager and payor of the monthly service invoices.

16.     Defendant JDB Holdings LLC ("JDBH") is a New York limited liability company, formed April 11, 2018, FEIN 82-514xxxx, and purportedly doing business at 8625 Transit Road, East Amherst, New York 14051. Defendant Jeremy D. Brown is named as the agent to receive service of process for JDBH from the New York Secretary of State. JDBH uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. JDBH regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. JDBH is a "debt collector" as the term is defined and used

in the FDCPA.

17.     According to the State of New York Workers' Compensation Board, defendant JDBH (WCB Employer No. 3086938) operates in Lockport, New York and provides its debt collector employees with workers' compensation insurance (Phoenix Insurance Company, Policy No. UB3N0303862042G, effective March 11, 2020) and disability/paid family leave insurance (Amguard Insurance Company, Policy No. DB03519159, effective March 11, 2019).

18.     JDBH through its employees and agents directly and indirectly participated in the efforts to collect an alleged debt from Mr. Flynn that are described in this complaint.

19.     Defendant United Merchant Asset Recovery, LLC ("UMAR") is a New York limited liability company, formed February 10, 2011, FEIN 27-490xxxx, with a registered address of 210 Walnut Street, Second Floor, Suite 18, Lockport, New York 14094, telephone number 877-599-2008. UMAR maintains its corporate headquarters at 8625 Transit Road, East Amherst, New York 14051. UMAR also does business at 859 Davison Road, Lockport, New York 14094. UMAR receives mail at P.O. Box 545, Lockport, New York 14095-0545. UMAR uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. UMAR regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. UMAR is a "debt collector" as the term is defined and used in the FDCPA.

20.     UMAR through its employees and agents directly and indirectly participated in the efforts to collect an alleged debt from Mr. Flynn that are described in this complaint.

21.     Defendant United Merchant Asset Recovery of WNY, LLC ("UMARWNY") is a New York limited liability company, formed September 8, 2017, with a registered address of 7014 13th Avenue, Suite 202, Brooklyn, New York 11228, which is merely the office address of

6

the UMARWNY registered agent, United States Corporation Agents, Inc. UMARWNY actually does business at 8625 Transit Road, East Amherst, New York 14051. UMARWNY uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. UMARWNY regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. UMARWNY is a "debt collector" as the term is defined and used in the FDCPA.

22.     According to the State of New York Workers' Compensation Board, defendant UMARWNY (WCB Employer No. 3051403) operates in Lockport, New York and provides its debt collector employees with workers' compensation insurance (Property and Casualty, Policy No. 76WEGAB90PK, effective July 9, 2019) and disability/paid family leave insurance (Amguard Insurance Company, Policy No. DB02986209, effective July 9, 2018).

23.     UMARWNY through its employees and agents directly and indirectly participated in the efforts to collect an alleged debt from Mr. Flynn that are described in this complaint.

24.     Defendant United Merchant Asset Recovery of WNY, LLC ("UMARWNY") is a New York limited liability company, formed September 8, 2017, with a registered address of 7014 13th Avenue, Suite 202, Brooklyn, New York 11228, which is merely the office address of the UMARWNY registered agent, United States Corporation Agents, Inc. UMARWNY actually does business at 8625 Transit Road, East Amherst, New York 14051. UMARWNY receives mail at P.O. Box 185, Lockport, New York 14095. UMARWNY uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. UMARWNY regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. UMARWNY is a "debt collector" as the term is defined and used in the FDCPA.

25.     UMARWNY through its employees and agents directly and indirectly participated in the efforts to collect an alleged debt from Mr. Flynn that are described in this complaint.

26.     Defendant United Merchant Asset Recovery of WNY, LLC ("UMARWNY") is a New York limited liability company, formed September 8, 2017, with a registered address of 7014 13th Avenue, Suite 202, Brooklyn, New York 11228, which is merely the office address of the UMARWNY registered agent, United States Corporation Agents, Inc. UMARWNY actually does business at 8625 Transit Road, East Amherst, New York 14051. UMARWNY uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. UMARWNY regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. UMARWNY is a "debt collector" as the term is defined and used in the FDCPA.

27.     UMARWNY through its employees and agents directly and indirectly participated in the efforts to collect an alleged debt from Mr. Flynn that are described in this complaint.

28.     Defendant O'Brien Wexler and Associates LLC ("OWA") is a New York limited liability company, formed January 28, 2015, FEIN 27-208xxxx. OWA does business at 16 North Transit Street, Lockport, New York 14094. The registered agent for OWA is Corporation Service Company, 80 State Street, Albany, New York 12207. OWA uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. OWA regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. OWA is a "debt collector" as the term is defined and used in the FDCPA.

29.     According to the State of New York Workers' Compensation Board, defendant OWA (WCB Employer No. 2581240) operates in Lockport, New York and provides its debt

8

collector employees with workers' compensation insurance (Phoenix Insurance Company, Policy No. UB9L0562442042G, effective February 18, 2020) and disability/paid family leave insurance (Mutual of Omaha Insurance, Policy No. GMNY6X007M010001, effective February 1, 2011, and/or Hartford Life and Accident, Policy No. LNY629752001, effective January 1, 2011).

30.     On April 29, 2010, defendant Charles Joseph Johnson Jr. registered the internet domain www.obrienwexlerassoc.com through Domains By Proxy, LLC which is owned by GoDaddy.com, LLC. The domain name linked to a now-defunct internet website that stated in part: "Along with a partnership with a nationwide attorney network, we act as mediators in the process of pre-litigation and pre-judgment portfolios. We act upon our clients [sic] needs, and are prepared to do whatever it takes to get the result necessary to solve the financial situation. In unfortunate circumstances, O'Brien, Wexler and Associates is empowered to process the portfolio through litigation." The claim is false for multiple reasons. For example, it would unethical and unlawful for OWA to enter into a partnership with a law firm, let alone with a "nationwide attorney network." Similarly, OWA cannot "process the portfolio through litigation" because OWA is not a law firm and does not litigate any claims against consumers.

31.     OWA and Mr. Johnson have been sued multiple times for violating the FDCPA and other laws. The filed complaints allege that OWA and Mr. Johnson have continuously engaged in the same unlawful debt collection scam that is described in this complaint. Those lawsuits include: *Marilyn Starks v. O'Brien, Wexler and Associates, LLC,* U.S. District Court, N.D. Illinois (Chicago), Case No. 1:11-cv-03078; *Todd Tucker v. O'Brien, Wexler and Associates, LLC and Charles Johnson,* U.S. District Court, W.D. Arkansas (Hot Springs), Case No. 6:12-cv-06064; *Bernadette Goforth v. O'Brien, Wexler and Associates, LLC,* U.S. District

Court, W.D. New York (Buffalo), Case No. 1:12-cv-00830; *Christine Lambert v. O'Brien, Wexler and Associates, LLC,* U.S. District Court, W.D. New York (Buffalo), Case No. 1:12-cv-00836; and *Stephen Aronson v. O'Brien, Wexler and Associates, LLC et al.,* U.S. District Court, S.D. Florida (Ft. Lauderdale), Case No. 0:17-cv-60599.

32.     OWA through its employees and agents directly and indirectly participated in the efforts to collect an alleged debt from Mr. Flynn that are described in this complaint.

33.     Defendant International Recovery Partners & Associates, LLC ("IRP") is a New York limited liability company, formed September 18, 2014. IRP does business at 50 East Avenue, Suites C and/or E, Lockport, New York 14094. The registered agent for IRP is Corporation Service Company, 80 State Street, Albany, New York 12207. IRP uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. IRP regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. IRP is a "debt collector" as the term is defined and used in the FDCPA.

34.     IRP and defendant Charles Joseph Johnson Jr. have been sued multiple times for violating the FDCPA and other laws. The filed complaints allege that IRP and Mr. Johnson have continuously engaged in the same unlawful debt collection scam that is described in this complaint. Those lawsuits include: *Keneshia L. Louis v. International Recovery Partners and Associates, LLC,* U.S. District Court, E.D. Texas (Lufkin), Case No. 9:19-cv-00073-RC-ZJH; *Aishah Khursheed v. International Recovery Partners and Associates, LLC and Charles Johnson,* U.S. District Court, E.D. Virginia (Newport News), Case No. 4:19-cv-00101-RBS-RJK; *Jeffrey Kenney v. International Recovery Partners and Associates, LLC,* U.S. District

Court, E.D. Tennessee (Knoxville), Case No. 3:19-cv-00465-TRM-DCP; *Kelly Bock v. International Recovery Partners and Associates, LLC,* U.S. District Court, W.D. Michigan (Southern Division), Case No. 1:19-cv-01091-JTN-SJB; and *Laura Foley v. International Recovery Partners and Associates, LLC,* U.S. District Court, W.D. Missouri (Kansas City), Case No. 4:20-cv-00049-BP.

35.     IRP through its employees and agents directly and indirectly participated in the efforts to collect an alleged debt from Mr. Flynn that are described in this complaint.

36.     The Better Business Bureau for Upstate New York maintains an internet website that contains multiple consumer complaints regarding IRP and OWA, which describe the same unlawful debt collection scam that is described in this complaint. The BBB lists Mr. Johnson as the operator of IRP and OWA. The BBB gives both IRP and OWA a rating of "F" on a scale of A to F.

37.     Defendant Copeland Klein & Associates LLC ("CKA") is a New York limited liability company, formed January 28, 2015. CKA does business at 8625 Transit Road, East Amherst, New York 14051. CKA uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. CKA regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. CKA is a "debt collector" as the term is defined and used in the FDCPA.

38.     According to the State of New York Workers' Compensation Board, defendant CKA (WCB Employer No. 2867526) operates in Lockport, New York and provides its debt collector employees with workers' compensation insurance (Phoenix Insurance Company, Policy No. UB7P1384492042G, effective February 19, 2020) and disability/paid family leave insurance

11

(Amguard Insurance Company, Policy No. DB03262018, effective November 30, 2018).

39.     CKA through its employees and agents directly and indirectly participated in the efforts to collect an alleged debt from Mr. Flynn that are described in this complaint.

40.     Defendant Jeremy D. Brown is a natural person, approximately age 34, purportedly residing at 494 Walnut Street, Lockport, New York 14094. Mr. Brown uses the email addresses jeremyb412@gmail.com and jaydebe@gmail.com. Mr. Brown uses the telephone number 716-514-3620. Mr. Brown is an owner, officer, member, manager, employee and agent of the Corporate Defendants. Mr. Brown uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Mr. Brown regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Mr. Brown is a "debt collector" as the term is defined and used in the FDCPA.

41.     Mr. Brown operates at 8625 Transit Road, East Amherst, New York 14051, where his black 2013 Lexus motor vehicle can regularly been seen parked in one of the several prime parking spaces reserved for management and located closest to the entry of defendants' office suite.

42.     Mr. Brown (a) created the collection policies and procedures used by the Corporate Defendants and their employees and agents, in connection with their common efforts to collect consumer debts, (b) managed or otherwise controlled the daily collection operations of the Corporate Defendants, (c) oversaw the application of the collection policies and procedures used by the Corporate Defendants and their employees and agents, (d) drafted, created, approved and ratified the tactics and scripts used by the Corporate Defendants and their employees and agents, to collect debts from consumers, including the tactics and scripts that were used to

attempt to collect an alleged debt from Mr. Flynn as stated in this complaint, (e) ratified the

unlawful debt collection practices and procedures used by the Corporate Defendants and their

employees and agents, in connection with their common efforts to collect consumer debts, and (f)

had knowledge of, approved, participated in, and ratified the unlawful debt collection practices

used by the Corporate Defendants and their employees and agents, in attempts to collect an

alleged debt from Mr. Flynn as stated in this complaint.

      43.     Mr. Brown directly and indirectly participated in the efforts to collect an alleged

debt from Mr. Flynn that are described in this complaint.

      44.     Defendant Heston F. McClain is a natural person, approximately age 33, residing

at 4233 Wick Road, Lockport, New York 14094. Mr. McClain has used telephone number

716-713-7768 and email addresses hestonmcclain@yahoo.com and big.hess@yahoo.com to

operate defendants' debt collection scheme. Mr. McClain is an owner, officer, member, manager,

employee and agent of the Corporate Defendants. Mr. McClain uses interstate commerce and the

mails in a business the principal purpose of which is the collection of debts. Mr. McClain

regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be

owed or due another. Mr. McClain is a "debt collector" as the term is defined and used in the

FDCPA.

      45.     Mr. McClain operates at multiple locations, including 8625 Transit Road, East

Amherst, New York 14051, where his wife's black 2018 BMW motor vehicle can regularly been

seen parked in one of the several prime parking spaces reserved for management and located

closest to the entry of defendants' office suite.

      46.     Mr. McClain owns, controls, manages and operates the Corporate Defendants, as

well as multiple, affiliated and yet-to-be identified corporate entities that participate in defendants' credit identity theft and debt collection scam.

47.     Mr. McClain (a) created the collection policies and procedures used by the Corporate Defendants and their employees and agents, in connection with their common efforts to collect consumer debts, (b) managed or otherwise controlled the daily collection operations of the Corporate Defendants, (c) oversaw the application of the collection policies and procedures used by the Corporate Defendants and their employees and agents, (d) drafted, created, approved and ratified the tactics and scripts used by the Corporate Defendants and their employees and agents, to collect debts from consumers, including the tactics and scripts that were used to attempt to collect an alleged debt from Mr. Flynn as stated in this complaint, (e) ratified the unlawful debt collection practices and procedures used by the Corporate Defendants and their employees and agents, in connection with their common efforts to collect consumer debts, and (f) had knowledge of, approved, participated in, and ratified the unlawful debt collection practices used by the Corporate Defendants and their employees and agents, in attempts to collect an alleged debt from Mr. Flynn as stated in this complaint.

48.     Mr. McClain directly and indirectly participated in the efforts to collect an alleged debt from Mr. Flynn that are described in this complaint.

49.     Defendant Chantelle Nicole McClain is a natural person, approximately age 44, purportedly residing at 98 Nichols Street, Lockport, New York 14094. Ms. McClain uses the email address chantelle.mcclain@att.net to operate defendants' debt collection scheme. Ms. McClain is an owner, officer, member, manager, employee and agent of the Corporate Defendants. Ms. McClain uses interstate commerce and the mails in a business the principal

14

purpose of which is the collection of debts. Ms. McClain regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Ms. McClain is a "debt collector" as the term is defined and used in the FDCPA.

50.     Ms. McClain (a) created the collection policies and procedures used by the Corporate Defendants and their employees and agents, in connection with their common efforts to collect consumer debts, (b) managed or otherwise controlled the daily collection operations of the Corporate Defendants, (c) oversaw the application of the collection policies and procedures used by the Corporate Defendants and their employees and agents, (d) drafted, created, approved and ratified the tactics and scripts used by the Corporate Defendants and their employees and agents, to collect debts from consumers, including the tactics and scripts that were used to attempt to collect an alleged debt from Mr. Flynn as stated in this complaint, (e) ratified the unlawful debt collection practices and procedures used by the Corporate Defendants and their employees and agents, in connection with their common efforts to collect consumer debts, and (f) had knowledge of, approved, participated in, and ratified the unlawful debt collection practices used by the Corporate Defendants and their employees and agents, in attempts to collect an alleged debt from Mr. Flynn as stated in this complaint.

51.     Ms. McClain directly and indirectly participated in the efforts to collect an alleged debt from Mr. Flynn that are described in this complaint.

52.     Defendant Dana D. Scott is a natural person, approximately age 42, purportedly residing at 489 South Street, Lockport, New York 14094. Mr. Scott is an owner, officer, member, manager, employee and agent of the Corporate Defendants. Mr. Scott uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Mr. Scott

regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Mr. Scott is a "debt collector" as the term is defined and used in the FDCPA.

53.     Mr. Scott operates at 8625 Transit Road, East Amherst, New York 14051, where his grey 2013 Mercedes Benz motor vehicle can regularly been seen parked in one of the several prime parking spaces reserved for management and located closest to the entry of defendants' office suite.

54.     Mr. Scott (a) created the collection policies and procedures used by the Corporate Defendants and their employees and agents, in connection with their common efforts to collect consumer debts, (b) managed or otherwise controlled the daily collection operations of the Corporate Defendants, (c) oversaw the application of the collection policies and procedures used by the Corporate Defendants and their employees and agents, (d) drafted, created, approved and ratified the tactics and scripts used by the Corporate Defendants and their employees and agents, to collect debts from consumers, including the tactics and scripts that were used to attempt to collect an alleged debt from Mr. Flynn as stated in this complaint, (e) ratified the unlawful debt collection practices and procedures used by the Corporate Defendants and their employees and agents, in connection with their common efforts to collect consumer debts, and (f) had knowledge of, approved, participated in, and ratified the unlawful debt collection practices used by the Corporate Defendants and their employees and agents, in attempts to collect an alleged debt from Mr. Flynn as stated in this complaint.

55.     Mr. Scott directly and indirectly participated in the efforts to collect an alleged debt from Mr. Flynn that are described in this complaint.

56.     Defendant Michael David Enzinna is a natural person, approximately age 40, purportedly residing at 5608 Keck Road, Lockport, New York 14094-9307. Mr. Enzinna is an owner, officer, manager, employee and agent of the Corporate Defendants. Mr. Enzinna uses telephone number 716-525-3420. Mr. Enzinna uses the email address michael.enzinna@gmail.com in connection with defendants' credit identity theft and debt collection scam. Mr. Enzinna uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Mr. Enzinna regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Mr. Enzinna is a "debt collector" as the term is defined and used in the FDCPA. Mr. Enzinna is a "regulated person" as the term is defined and used in the MRCPA. Alternatively, Mr. Enzinna is a "collection agency" and  "licensee" as the terms are defined and used in the MOC.

57.     Mr. Enzinna maintains a profile on the internet website, www.linkedin.com, stating that he is the "Owner/CEO" of defendant United Merchant Asset Recovery, LLC.

58.     Mr. Enzinna (a) created the collection policies and procedures used by the Corporate Defendants and their employees and agents, in connection with their common efforts to collect consumer debts, (b) managed or otherwise controlled the daily collection operations of the Corporate Defendants, (c) oversaw the application of the collection policies and procedures used by the Corporate Defendants and their employees and agents, (d) drafted, created, approved and ratified the tactics and scripts used by the Corporate Defendants and their employees and agents, to collect debts from consumers, including the tactics and scripts that were used to attempt to collect an alleged debt from Mr. Flynn as stated in this complaint, (e) ratified the unlawful debt collection practices and procedures used by the Corporate Defendants and their

17

employees and agents, in connection with their common efforts to collect consumer debts, and (f) had knowledge of, approved, participated in, and ratified the unlawful debt collection practices used by the Corporate Defendants and their employees and agents, in attempts to collect an alleged debt from Mr. Flynn as stated in this complaint.

59.    Mr. Enzinna directly and indirectly participated in the efforts to collect an alleged debt from Mr. Flynn that are described in this complaint.

60.    Defendant Sean M. Millard is a natural person, approximately age 40, purportedly residing at 28 Spruce Street, Lockport, New York 14094, 216 Enchanted Forest North, Depew, New York 14043, or 71 Harrison Avenue, Lockport, New York 14094. Mr. Millard is an owner, officer, member, manager, employee and agent of the Corporate Defendants. Mr. Millard uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Mr. Millard regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Mr. Millard is a "debt collector" as the term is defined and used in the FDCPA.

61.    Mr. Millard (a) created the collection policies and procedures used by the Corporate Defendants and their employees and agents, in connection with their common efforts to collect consumer debts, (b) managed or otherwise controlled the daily collection operations of the Corporate Defendants, (c) oversaw the application of the collection policies and procedures used by the Corporate Defendants and their employees and agents, (d) drafted, created, approved and ratified the tactics and scripts used by the Corporate Defendants and their employees and agents, to collect debts from consumers, including the tactics and scripts that were used to attempt to collect an alleged debt from Mr. Flynn as stated in this complaint, (e) ratified the

18

unlawful debt collection practices and procedures used by the Corporate Defendants and their

employees and agents, in connection with their common efforts to collect consumer debts, and (f)

had knowledge of, approved, participated in, and ratified the unlawful debt collection practices

used by the Corporate Defendants and their employees and agents, in attempts to collect an

alleged debt from Mr. Flynn as stated in this complaint.

62.     Mr. Millard directly and indirectly participated in the efforts to collect an alleged

debt from Mr. Flynn that are described in this complaint.

63.     Defendant Anthony K. Clayton is a natural person, approximately age 47, \

purportedly residing at 98 Nichols Street, Lockport, New York 14094. Mr. Clayton uses the

email address anthony.l.claytonjr@gmail.com. Mr. Clayton is an owner, officer, member,

manager, employee and agent of the Corporate Defendants. Mr. Clayton uses interstate

commerce and the mails in a business the principal purpose of which is the collection of debts.

Mr. Clayton regularly collects or attempts to collect, directly or indirectly, debts owed or due or

asserted to be owed or due another. Mr. Clayton is a "debt collector" as the term is defined and

used in the FDCPA.

64.     Mr. Clayton (a) created the collection policies and procedures used by the

Corporate Defendants and their employees and agents, in connection with their common efforts

to collect consumer debts, (b) managed or otherwise controlled the daily collection operations of

the Corporate Defendants, (c) oversaw the application of the collection policies and procedures

used by the Corporate Defendants and their employees and agents, (d) drafted, created, approved

and ratified the tactics and scripts used by the Corporate Defendants and their employees and

agents, to collect debts from consumers, including the tactics and scripts that were used to

19

attempt to collect an alleged debt from Mr. Flynn as stated in this complaint, (e) ratified the

unlawful debt collection practices and procedures used by the Corporate Defendants and their

employees and agents, in connection with their common efforts to collect consumer debts, and (f)

had knowledge of, approved, participated in, and ratified the unlawful debt collection practices

used by the Corporate Defendants and their employees and agents, in attempts to collect an

alleged debt from Mr. Flynn as stated in this complaint.

65.     Mr. Clayton directly and indirectly participated in the efforts to collect an alleged

debt from Mr. Flynn that are described in this complaint.

66.     Non-party Assos Group, L.L.C. is an active Virginia limited liability company,

formed May 31, 2019 by Mr. Clayton, with the registered address 15200 Fox Briar Circle,

Midlothian, Virginia 23112. It will need to be determined in discovery whether the entity

participated in the attempts to collect an alleged debt from Mr. Flynn as stated in this complaint.

67.     Defendant Charles Joseph Johnson Jr. is a natural person, approximately age 32,

purportedly residing at 7242 Lincoln Avenue Extension, Lockport, New York 14094. Mr.

Johnson uses telephone numbers 716-433-2927 and 716-990-7453. Mr. Johnson is an owner,

officer, member, manager, employee and agent of the Corporate Defendants. Mr. Johnson uses

interstate commerce and the mails in a business the principal purpose of which is the collection

of debts. Mr. Johnson regularly collects or attempts to collect, directly or indirectly, debts owed

or due or asserted to be owed or due another. Mr. Johnson is a "debt collector" as the term is

defined and used in the FDCPA.

68.     Mr. Johnson manages call centers for the Corporate Defendants, including call

centers located at 16 North Transit Street, Lockport, New York 14094 and 50 East Avenue,

Suites C and/or E, Lockport, New York 14094.

69.     Mr. Johnson (a) created the collection policies and procedures used by the
Corporate Defendants and their employees and agents, in connection with their common efforts
to collect consumer debts, (b) managed or otherwise controlled the daily collection operations of
the Corporate Defendants, (c) oversaw the application of the collection policies and procedures
used by the Corporate Defendants and their employees and agents, (d) drafted, created, approved
and ratified the tactics and scripts used by the Corporate Defendants and their employees and
agents, to collect debts from consumers, including the tactics and scripts that were used to
attempt to collect an alleged debt from Mr. Flynn as stated in this complaint, (e) ratified the
unlawful debt collection practices and procedures used by the Corporate Defendants and their
employees and agents, in connection with their common efforts to collect consumer debts, and (f)
had knowledge of, approved, participated in, and ratified the unlawful debt collection practices
used by the Corporate Defendants and their employees and agents, in attempts to collect an
alleged debt from Mr. Flynn as stated in this complaint.

70.     Mr. Johnson directly and indirectly participated in the efforts to collect an alleged
debt from Mr. Flynn that are described in this complaint.

71.     Defendant Mahogony Allen, also known as Mahogony S. Turner, also known as
Mohagany S. Beverly, is a natural person, approximately age 36, purportedly residing at 145
Spalding Street, Lockport, New York 14094. Ms. Allen uses the email address
mahogonyallen@gmail.com. Ms. Allen is an employee and agent of the Corporate Defendants.
Ms. Allen uses interstate commerce and the mails in a business the principal purpose of which is
the collection of debts. Ms. Allen regularly collects or attempts to collect, directly or indirectly,

debts owed or due or asserted to be owed or due another. Ms. Allen is a "debt collector" as the term is defined and used in the FDCPA.

72.     Ms. Allen (a) created the collection policies and procedures used by the Corporate Defendants and their employees and agents, in connection with their common efforts to collect consumer debts, (b) managed or otherwise controlled the daily collection operations of the Corporate Defendants, (c) oversaw the application of the collection policies and procedures used by the Corporate Defendants and their employees and agents, (d) drafted, created, approved and ratified the tactics and scripts used by the Corporate Defendants and their employees and agents, to collect debts from consumers, including the tactics and scripts that were used to attempt to collect an alleged debt from Mr. Flynn as stated in this complaint, (e) ratified the unlawful debt collection practices and procedures used by the Corporate Defendants and their employees and agents, in connection with their common efforts to collect consumer debts, and (f) had knowledge of, approved, participated in, and ratified the unlawful debt collection practices used by the Corporate Defendants and their employees and agents, in attempts to collect an alleged debt from Mr. Flynn as stated in this complaint.

73.     Ms. Allen directly and indirectly participated in the efforts to collect an alleged debt from Mr. Flynn that are described in this complaint.

74.     Defendant Thomas Eugene Clare is a natural person, approximately age 56, purportedly residing in a townhouse located at 37 The Common, Lockport, New York 14094. Upon information and belief, Mr. Clare is the father-in-law of defendant Heston F. McClain. Mr. Clare has used multiple email addresses, including thomasclare@gmail.com, thomaseclare@gmail.com and thomas.clare@gmail.com. Mr. Clare is an employee and agent of

the Corporate Defendants. Mr. Clare uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Mr. Clare regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Mr. Clare is a "debt collector" as the term is defined and used in the FDCPA.

75.     Mr. Clare (a) created the collection policies and procedures used by the Corporate Defendants and their employees and agents, in connection with their common efforts to collect consumer debts, (b) managed or otherwise controlled the daily collection operations of the Corporate Defendants, (c) oversaw the application of the collection policies and procedures used by the Corporate Defendants and their employees and agents, (d) drafted, created, approved and ratified the tactics and scripts used by the Corporate Defendants and their employees and agents, to collect debts from consumers, including the tactics and scripts that were used to attempt to collect an alleged debt from Mr. Flynn as stated in this complaint, (e) ratified the unlawful debt collection practices and procedures used by the Corporate Defendants and their employees and agents, in connection with their common efforts to collect consumer debts, and (f) had knowledge of, approved, participated in, and ratified the unlawful debt collection practices used by the Corporate Defendants and their employees and agents, in attempts to collect an alleged debt from Mr. Flynn as stated in this complaint.

76.     Mr. Clare directly and indirectly participated in the efforts to collect an alleged debt from Mr. Flynn that are described in this complaint.

77.     Defendant Donald DeBoe, also known as Donald LJ DeBoe, is a natural person, approximately age 41, purportedly residing at 38 Lindhurst Drive, Lockport, New York 14094. Mr. DeBoe uses the email address donnie.deboe@yahoo.com. Mr. DeBoe is an employee and

agent of the Corporate Defendants. Mr. DeBoe uses interstate commerce and the mails in a

business the principal purpose of which is the collection of debts. Mr. DeBoe regularly collects

or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due

another. Mr. DeBoe is a "debt collector" as the term is defined and used in the FDCPA.

78.     Mr. DeBoe (a) created the collection policies and procedures used by the

Corporate Defendants and their employees and agents, in connection with their common efforts

to collect consumer debts, (b) managed or otherwise controlled the daily collection operations of

the Corporate Defendants, (c) oversaw the application of the collection policies and procedures

used by the Corporate Defendants and their employees and agents, (d) drafted, created, approved

and ratified the tactics and scripts used by the Corporate Defendants and their employees and

agents, to collect debts from consumers, including the tactics and scripts that were used to

attempt to collect an alleged debt from Mr. Flynn as stated in this complaint, (e) ratified the

unlawful debt collection practices and procedures used by the Corporate Defendants and their

employees and agents, in connection with their common efforts to collect consumer debts, and (f)

had knowledge of, approved, participated in, and ratified the unlawful debt collection practices

used by the Corporate Defendants and their employees and agents, in attempts to collect an

alleged debt from Mr. Flynn as stated in this complaint.

79.     Mr. DeBoe directly and indirectly participated in the efforts to collect an alleged

debt from Mr. Flynn that are described in this complaint.

80.     Defendant Nicole R. Drzyzga, also known as Nikki R. Drzyzga, is a natural

person, approximately age 34, purportedly residing at 20 Bright Street, Lockport, New York

14094. Ms. Drzyzga uses the email address nikki0602@gmail.com. Ms. Drzyzga is an employee

and agent of the Corporate Defendants. Ms. Drzyzga uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Ms. Drzyzga regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Ms. Drzyzga is a "debt collector" as the term is defined and used in the FDCPA.

81.     Ms. Drzyzga (a) created the collection policies and procedures used by the Corporate Defendants and their employees and agents, in connection with their common efforts to collect consumer debts, (b) managed or otherwise controlled the daily collection operations of the Corporate Defendants, (c) oversaw the application of the collection policies and procedures used by the Corporate Defendants and their employees and agents, (d) drafted, created, approved and ratified the tactics and scripts used by the Corporate Defendants and their employees and agents, to collect debts from consumers, including the tactics and scripts that were used to attempt to collect an alleged debt from Mr. Flynn as stated in this complaint, (e) ratified the unlawful debt collection practices and procedures used by the Corporate Defendants and their employees and agents, in connection with their common efforts to collect consumer debts, and (f) had knowledge of, approved, participated in, and ratified the unlawful debt collection practices used by the Corporate Defendants and their employees and agents, in attempts to collect an alleged debt from Mr. Flynn as stated in this complaint.

82.     Ms. Drzyzga directly and indirectly participated in the efforts to collect an alleged debt from Mr. Flynn that are described in this complaint.

83.     Defendant Emily J. Harvey is a natural person, approximately age 26, purportedly residing at 55 Phelps Street, Lockport, New York 14094. Ms. Harvey uses the email address emmieharvey@yahoo.com. Ms. Harvey is an employee and agent of the Corporate Defendants.

Ms. Harvey uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Ms. Harvey regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Ms. Harvey is a "debt collector" as the term is defined and used in the FDCPA.

84.     Ms. Harvey (a) created the collection policies and procedures used by the Corporate Defendants and their employees and agents, in connection with their common efforts to collect consumer debts, (b) managed or otherwise controlled the daily collection operations of the Corporate Defendants, (c) oversaw the application of the collection policies and procedures used by the Corporate Defendants and their employees and agents, (d) drafted, created, approved and ratified the tactics and scripts used by the Corporate Defendants and their employees and agents, to collect debts from consumers, including the tactics and scripts that were used to attempt to collect an alleged debt from Mr. Flynn as stated in this complaint, (e) ratified the unlawful debt collection practices and procedures used by the Corporate Defendants and their employees and agents, in connection with their common efforts to collect consumer debts, and (f) had knowledge of, approved, participated in, and ratified the unlawful debt collection practices used by the Corporate Defendants and their employees and agents, in attempts to collect an alleged debt from Mr. Flynn as stated in this complaint.

85.     Ms. Harvey directly and indirectly participated in the efforts to collect an alleged debt from Mr. Flynn that are described in this complaint.

86.     Defendant Alexis D. Hennebohl is a natural person, approximately age 28, purportedly residing at 8 Sunnyside Street, Lockport, New York 14094 or 6146 Ruhlmann Road, No. 7, Lockport, New York 14094. Ms. Hennebohl uses the email address

26

alexishennebohl@gmail.com. Ms. Hennebohl is an employee and agent of the Corporate Defendants. Ms. Hennebohl uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Ms. Hennebohl regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Ms. Hennebohl is a "debt collector" as the term is defined and used in the FDCPA.

87.     Ms. Hennebohl (a) created the collection policies and procedures used by the Corporate Defendants and their employees and agents, in connection with their common efforts to collect consumer debts, (b) managed or otherwise controlled the daily collection operations of the Corporate Defendants, (c) oversaw the application of the collection policies and procedures used by the Corporate Defendants and their employees and agents, (d) drafted, created, approved and ratified the tactics and scripts used by the Corporate Defendants and their employees and agents, to collect debts from consumers, including the tactics and scripts that were used to attempt to collect an alleged debt from Mr. Flynn as stated in this complaint, (e) ratified the unlawful debt collection practices and procedures used by the Corporate Defendants and their employees and agents, in connection with their common efforts to collect consumer debts, and (f) had knowledge of, approved, participated in, and ratified the unlawful debt collection practices used by the Corporate Defendants and their employees and agents, in attempts to collect an alleged debt from Mr. Flynn as stated in this complaint.

88.     Ms. Hennebohl directly and indirectly participated in the efforts to collect an alleged debt from Mr. Flynn that are described in this complaint.

89.     Defendant Michelle J. Hoover is a natural person, approximately age 38, purportedly residing at 205 East Avenue, Apartment 1, Lockport, New York 14094. Ms. Hoover

uses the email address michelle.hoover@verizon.net. Ms. Hoover is an employee and agent of the Corporate Defendants. Ms. Hoover uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Ms. Hoover regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Ms. Hoover is a "debt collector" as the term is defined and used in the FDCPA.

90.     Ms. Hoover (a) created the collection policies and procedures used by the Corporate Defendants and their employees and agents, in connection with their common efforts to collect consumer debts, (b) managed or otherwise controlled the daily collection operations of the Corporate Defendants, (c) oversaw the application of the collection policies and procedures used by the Corporate Defendants and their employees and agents, (d) drafted, created, approved and ratified the tactics and scripts used by the Corporate Defendants and their employees and agents, to collect debts from consumers, including the tactics and scripts that were used to attempt to collect an alleged debt from Mr. Flynn as stated in this complaint, (e) ratified the unlawful debt collection practices and procedures used by the Corporate Defendants and their employees and agents, in connection with their common efforts to collect consumer debts, and (f) had knowledge of, approved, participated in, and ratified the unlawful debt collection practices used by the Corporate Defendants and their employees and agents, in attempts to collect an alleged debt from Mr. Flynn as stated in this complaint.

91.     Ms. Hoover directly and indirectly participated in the efforts to collect an alleged debt from Mr. Flynn that are described in this complaint.

92.     Defendant Thomas Letcher Jr. is a natural person, approximately age 55, purportedly residing at 175 Pound Street, Lockport, New York 14094. Mr. Letcher uses the email

address letcher1325@gmail.com. Mr. Letcher is an employee and agent of the Corporate

Defendants. Mr. Letcher uses interstate commerce and the mails in a business the principal

purpose of which is the collection of debts. Mr. Letcher regularly collects or attempts to collect,

directly or indirectly, debts owed or due or asserted to be owed or due another. Mr. Letcher is a

"debt collector" as the term is defined and used in the FDCPA.

93.     Mr. Letcher (a) created the collection policies and procedures used by the

Corporate Defendants and their employees and agents, in connection with their common efforts

to collect consumer debts, (b) managed or otherwise controlled the daily collection operations of

the Corporate Defendants, (c) oversaw the application of the collection policies and procedures

used by the Corporate Defendants and their employees and agents, (d) drafted, created, approved

and ratified the tactics and scripts used by the Corporate Defendants and their employees and

agents, to collect debts from consumers, including the tactics and scripts that were used to

attempt to collect an alleged debt from Mr. Flynn as stated in this complaint, (e) ratified the

unlawful debt collection practices and procedures used by the Corporate Defendants and their

employees and agents, in connection with their common efforts to collect consumer debts, and (f)

had knowledge of, approved, participated in, and ratified the unlawful debt collection practices

used by the Corporate Defendants and their employees and agents, in attempts to collect an

alleged debt from Mr. Flynn as stated in this complaint.

94.     Mr. Letcher directly and indirectly participated in the efforts to collect an alleged

debt from Mr. Flynn that are described in this complaint.

95.     Defendant Jamie L. Letcher is a natural person, approximately age 45, purportedly

residing at 175 Pound Street, Lockport, New York 14094. Ms. Letcher uses the email address

jayc717@gmail.com. Ms. Letcher is an employee and agent of the Corporate Defendants. Ms. Letcher uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Ms. Letcher regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Ms. Letcher is a "debt collector" as the term is defined and used in the FDCPA.

96.     Ms. Letcher (a) created the collection policies and procedures used by the Corporate Defendants and their employees and agents, in connection with their common efforts to collect consumer debts, (b) managed or otherwise controlled the daily collection operations of the Corporate Defendants, (c) oversaw the application of the collection policies and procedures used by the Corporate Defendants and their employees and agents, (d) drafted, created, approved and ratified the tactics and scripts used by the Corporate Defendants and their employees and agents, to collect debts from consumers, including the tactics and scripts that were used to attempt to collect an alleged debt from Mr. Flynn as stated in this complaint, (e) ratified the unlawful debt collection practices and procedures used by the Corporate Defendants and their employees and agents, in connection with their common efforts to collect consumer debts, and (f) had knowledge of, approved, participated in, and ratified the unlawful debt collection practices used by the Corporate Defendants and their employees and agents, in attempts to collect an alleged debt from Mr. Flynn as stated in this complaint.

97.     Ms. Letcher directly and indirectly participated in the efforts to collect an alleged debt from Mr. Flynn that are described in this complaint.

98.     Defendant Darrin L. Snell is a natural person, approximately age 31, purportedly residing at 642 Walnut Street, Lower Apartment, Lockport, New York 14094. Mr. Snell is an

employee and agent of the Corporate Defendants. Mr. Snell uses interstate commerce and the

mails in a business the principal purpose of which is the collection of debts. Mr. Snell regularly

collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or

due another. Mr. Snell is a "debt collector" as the term is defined and used in the FDCPA.

99.    Mr. Snell (a) created the collection policies and procedures used by the

Corporate Defendants and their employees and agents, in connection with their common efforts

to collect consumer debts, (b) managed or otherwise controlled the daily collection operations of

the Corporate Defendants, (c) oversaw the application of the collection policies and procedures

used by the Corporate Defendants and their employees and agents, (d) drafted, created, approved

and ratified the tactics and scripts used by the Corporate Defendants and their employees and

agents, to collect debts from consumers, including the tactics and scripts that were used to

attempt to collect an alleged debt from Mr. Flynn as stated in this complaint, (e) ratified the

unlawful debt collection practices and procedures used by the Corporate Defendants and their

employees and agents, in connection with their common efforts to collect consumer debts, and (f)

had knowledge of, approved, participated in, and ratified the unlawful debt collection practices

used by the Corporate Defendants and their employees and agents, in attempts to collect an

alleged debt from Mr. Flynn as stated in this complaint.

100.    Mr. Snell directly and indirectly participated in the efforts to collect an alleged

debt from Mr. Flynn that are described in this complaint.

101.    Defendant Jon Daniel Wiley is a natural person, approximately age 56,

purportedly residing at 39 Harrison Avenue, Lockport, New York 14094. Mr. Wiley is an

employee and agent of the Corporate Defendants. Mr. Wiley uses interstate commerce and the

mails in a business the principal purpose of which is the collection of debts. Mr. Wiley regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Mr. Wiley is a "debt collector" as the term is defined and used in the FDCPA.

102.    Mr. Wiley (a) created the collection policies and procedures used by the Corporate Defendants and their employees and agents, in connection with their common efforts to collect consumer debts, (b) managed or otherwise controlled the daily collection operations of the Corporate Defendants, (c) oversaw the application of the collection policies and procedures used by the Corporate Defendants and their employees and agents, (d) drafted, created, approved and ratified the tactics and scripts used by the Corporate Defendants and their employees and agents, to collect debts from consumers, including the tactics and scripts that were used to attempt to collect an alleged debt from Mr. Flynn as stated in this complaint, (e) ratified the unlawful debt collection practices and procedures used by the Corporate Defendants and their employees and agents, in connection with their common efforts to collect consumer debts, and (f) had knowledge of, approved, participated in, and ratified the unlawful debt collection practices used by the Corporate Defendants and their employees and agents, in attempts to collect an alleged debt from Mr. Flynn as stated in this complaint.

103.    Mr. Wiley directly and indirectly participated in the efforts to collect an alleged debt from Mr. Flynn that are described in this complaint.

104.    Defendant Amanda Marie Yousett is a natural person, approximately age 29, purportedly residing at 823 Willowbrook Drive, Lockport, New York 14094 or 4694 Plank Road, Lockport, New York 14094. Ms. Yousett is an employee and agent of the Corporate Defendants. Ms. Yousett uses interstate commerce and the mails in a business the principal purpose of which

is the collection of debts. Ms. Yousett regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Ms. Yousett is a "debt collector" as the term is defined and used in the FDCPA.

105.    Ms. Yousett (a) created the collection policies and procedures used by the Corporate Defendants and their employees and agents, in connection with their common efforts to collect consumer debts, (b) managed or otherwise controlled the daily collection operations of the Corporate Defendants, (c) oversaw the application of the collection policies and procedures used by the Corporate Defendants and their employees and agents, (d) drafted, created, approved and ratified the tactics and scripts used by the Corporate Defendants and their employees and agents, to collect debts from consumers, including the tactics and scripts that were used to attempt to collect an alleged debt from Mr. Flynn as stated in this complaint, (e) ratified the unlawful debt collection practices and procedures used by the Corporate Defendants and their employees and agents, in connection with their common efforts to collect consumer debts, and (f) had knowledge of, approved, participated in, and ratified the unlawful debt collection practices used by the Corporate Defendants and their employees and agents, in attempts to collect an alleged debt from Mr. Flynn as stated in this complaint.

106.    Ms. Yousett directly and indirectly participated in the efforts to collect an alleged debt from Mr. Flynn that are described in this complaint.

107.    Defendant Jeremy J. Zimmerman is a natural person, approximately age 37, purportedly residing at 976 Dorwood Park, Ransomville, New York 14131. Mr. Zimmerman is an employee and agent of the Corporate Defendants. Mr. Zimmerman uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Mr.

33

Zimmerman regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Mr. Zimmerman is a "debt collector" as the term is defined and used in the FDCPA.

108.   Mr. Zimmerman (a) created the collection policies and procedures used by the Corporate Defendants and their employees and agents, in connection with their common efforts to collect consumer debts, (b) managed or otherwise controlled the daily collection operations of the Corporate Defendants, (c) oversaw the application of the collection policies and procedures used by the Corporate Defendants and their employees and agents, (d) drafted, created, approved and ratified the tactics and scripts used by the Corporate Defendants and their employees and agents, to collect debts from consumers, including the tactics and scripts that were used to attempt to collect an alleged debt from Mr. Flynn as stated in this complaint, (e) ratified the unlawful debt collection practices and procedures used by the Corporate Defendants and their employees and agents, in connection with their common efforts to collect consumer debts, and (f) had knowledge of, approved, participated in, and ratified the unlawful debt collection practices used by the Corporate Defendants and their employees and agents, in attempts to collect an alleged debt from Mr. Flynn as stated in this complaint.

109.   Mr. Zimmerman directly and indirectly participated in the efforts to collect an alleged debt from Mr. Flynn that are described in this complaint.

110.   Defendant Derrick J. Starks is a natural person, approximately age 35, purportedly residing at 258 Randwood Drive, Buffalo, New York 14221 or 67 O'Brien Drive, Lockport, New York 14094. Mr. Starks uses the email address reginaldstarks253@gmail.com. Mr. Starks is an owner, officer, member, manager, employee and agent of the Corporate Defendants. Mr. Starks

uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Mr. Starks regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Mr. Starks is a "debt collector" as the term is defined and used in the FDCPA.

111.    Mr. Starks (a) created the collection policies and procedures used by the Corporate Defendants and their employees and agents, in connection with their common efforts to collect consumer debts, (b) managed or otherwise controlled the daily collection operations of the Corporate Defendants, (c) oversaw the application of the collection policies and procedures used by the Corporate Defendants and their employees and agents, (d) drafted, created, approved and ratified the tactics and scripts used by the Corporate Defendants and their employees and agents, to collect debts from consumers, including the tactics and scripts that were used to attempt to collect an alleged debt from Mr. Flynn as stated in this complaint, (e) ratified the unlawful debt collection practices and procedures used by the Corporate Defendants and their employees and agents, in connection with their common efforts to collect consumer debts, and (f) had knowledge of, approved, participated in, and ratified the unlawful debt collection practices used by the Corporate Defendants and their employees and agents, in attempts to collect an alleged debt from Mr. Flynn as stated in this complaint.

112.    Mr. Starks directly and indirectly participated in the efforts to collect an alleged debt from Mr. Flynn that are described in this complaint.

113.    Defendant Eric C. Williams, Sr. is a natural person, approximately age 41, purportedly residing at 122 Chestnut Street, Lockport, New York 14094 or 7016 Academy Lane, Lockport, New York 14094. Mr. Williams is an owner, officer, member, manager, employee and

agent of the Corporate Defendants. Mr. Williams uses interstate commerce and the mails in a

business the principal purpose of which is the collection of debts. Mr. Williams regularly collects

or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due

another. Mr. Williams is a "debt collector" as the term is defined and used in the FDCPA.

114.    Mr. Williams (a) created the collection policies and procedures used by the

Corporate Defendants and their employees and agents, in connection with their common efforts

to collect consumer debts, (b) managed or otherwise controlled the daily collection operations of

the Corporate Defendants, (c) oversaw the application of the collection policies and procedures

used by the Corporate Defendants and their employees and agents, (d) drafted, created, approved

and ratified the tactics and scripts used by the Corporate Defendants and their employees and

agents, to collect debts from consumers, including the tactics and scripts that were used to

attempt to collect an alleged debt from Mr. Flynn as stated in this complaint, (e) ratified the

unlawful debt collection practices and procedures used by the Corporate Defendants and their

employees and agents, in connection with their common efforts to collect consumer debts, and (f)

had knowledge of, approved, participated in, and ratified the unlawful debt collection practices

used by the Corporate Defendants and their employees and agents, in attempts to collect an

alleged debt from Mr. Flynn as stated in this complaint.

115.    Mr. Williams directly and indirectly participated in the efforts to collect an alleged

debt from Mr. Flynn that are described in this complaint.

116.    Plaintiff is proceeding against defendants collectively under a common enterprise

theory, by which "each entity within a set of interrelated companies may be held jointly and

severally liable for the actions of other entities that are part of the group." *F.T.C. v. Tax Club,*

*Inc.*, 994 F. Supp. 2d 461, 469 (S.D.N.Y. 2014). To determine whether a common enterprise, or a "maze of interrelated companies," exists, courts consider "the pattern and framework of the whole enterprise." *Delaware Watch Co. v. F.T.C.*, 332 F.2d 745, 746 (2d Cir. 1964). Although no one factor is controlling, relevant factors include whether the corporate defendants "(1) maintain officers and employees in common, (2) operate under common control, (3) share offices, (4) commingle funds, and (5) share advertising and marketing." *Tax Club, Inc.*, 994 F. Supp. 2d at 469 (citation omitted); *F.T.C. v. Consumer Health Benefits Ass'n*, No. 10-CV-3551(ILG), 2011 WL 3652248, *5 (E.D.N.Y. Aug. 18, 2011). Further, a common enterprise analysis is neither an alter ego inquiry nor an issue of corporate veil piercing; instead, the entities within the enterprise may be separate and distinct corporations. *F.T.C. v Wyndham Worldwide Corp.*, No. 13-1887(ES), 2014 WL 2812049, *5 (D. N.J. June 23, 2014) (citing *F.T.C. v. Direct Benefits Grp.*, No. 11-1186, 2013 WL 3771322, *18 (M.D. Fla. July 18, 2013)).

117.     All defendants are intricately bound together and combine their efforts in a joint and common enterprise, using concerted efforts to collect debts allegedly owed by consumers throughout the United States. Defendants operate collectively and together, in such as way that they are collecting debts for the benefit of each other, and making each defendant jointly and severally for the unlawful acts of each defendant.

118.     Defendants operate as a single entity, commonly owned, operated and managed, operating from the shared office space, sharing the same staff, equipment and telephone lines, and commingling revenue, expenses and payroll.

119.     An entity that itself meets the definition of debt collector is liable for the unlawful collection activities carried out by another debt collector on its behalf. *See, e.g., Pollice v.*

*National Tax Funding, L.P.,* 225 F.3d 379, 404-06 (3d Cir.2000); *Janetos v. Fulton Friedman &*

*Gullace, LLP,* 825 F.3d 317, 325-26 (7th Cir.2016); *Fox v. Citicorp Credit Services, Inc.,* 15

F.3d 1507, 1516 (9th Cir.1994); *Wadlington v. Credit Acceptance Corp.,* 76 F.3d 103, 108 (6th

Cir.1996); *Verburg v. Weltman, Weinberg & Reis Co., LPA et al.,* No. 1:13-cv-1328, 2016 WL

1273349, *7-8 (W.D. Mich. Mar. 28, 2016).

120.    A shareholder, owner, officer, member, manager, employee or agent of a

corporate debt collector can be held liable for violating the FDCPA, without piercing the

corporate veil, by being directly involved in the day-to-day operation of the company, including

the training and managing of employees, reviewing or supervising the review of accounts,

materially participating in the activities of the company, supervising collection activities,

overseeing compliance with applicable collection laws, ratifying unlawful acts, and the like, for

the reason that each such individual is himself a "debt collector" within the statutory definition,

namely, each is a "person" in a business, "the principal purpose of which is the collection of any

debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or

asserted to be owed or due another."  15 U.S.C. § 1692a(6).  *See Kistner v. Law Offices of*

*Michael P. Margelefsky, LLC,* 518 F.3d 433, 435-438 (6th Cir. 2008); *Russell v. Goldman Roth*

*Acquisitions, LLC,* 847 F.Supp.2d 994, 1004-06 (W.D.Mich. 2012).

**IV.    Facts**

121.    On or about October 25, 2007, plaintiff Jacob Flynn obtained a loan from

CitiFinancial Auto Corp. ("CitiFinancial") and used that loan to purchase a 2007 Hyundai

Tiburon motor vehicle, VIN KMHHN66F57U240453. Mr. Flynn used the vehicle exclusively for

personal, family and household purposes. Any resulting obligation to pay money was a "debt" as

the term is defined and used in the FDCPA .

122.     In December of 2008, Mr. Flynn was unable to make his monthly payments to CitiFinancial and the account was in default.

123.     In January of 2009, CitiFinancial repossessed the vehicle from Mr. Flynn.

124.     On February 1, 2010, CitiFinancial sold the vehicle at auction and applied the money received to Mr. Flynn's account, leaving Mr. Flynn with an unpaid balance of approximately $3,370.00.

125.     On September 6, 2010, CitiFinancial sent Mr. Flynn a letter, stating that Mr. Flynn's delinquent account and related debt had been assigned to Santander Consumer USA Inc. ("Santander"). The letter also stated that Santander had re-assigned the account a new account number, No. 30000165011451000.

126.     On September 14, 2012, Santander charged off and sold the account to non-party Credigy Receivables, Inc.

127.     Credigy Receivables, Inc. sold Mr. Flynn's the account to non-party Accelerated Financial Solutions, LLC.

128.     In 2018, Accelerated Financial Solutions, LLC sold the account to non-party Vance and Huffman, LLC.

129.     Vance and Huffman, LLC placed account for collection with non-party D2 Management LLC.

130.     Vance and Huffman, LLC claims that it remains the current owner of the account.

131.     Vance and Huffman, LLC and D2 Management LLC claim that they have never communicated with Mr. Flynn regarding the account.

132. Vance and Huffman, LLC claims that it has never placed the account for collection with any of the defendants named in this complaint and that none of the defendants named in this complaint have any right to collect the account.

133. Any obligation that Mr. Flynn has or may have had to pay money in connection with the account is no longer judicially enforceable and time-barred by operation of the applicable four-year statute of limitations found in the Uniform Commercial Code.

134. Mr. Flynn disputes owing any money to CitiFinancial, Santander, Credigy, Accelerated Financial Solutions, LLC, Vance and Huffman, LLC, or anyone else in connection with the account.

135. Mr. Flynn expressly refuses to pay any money to CitiFinancial, Santander, Credigy, Accelerated Financial Solutions, LLC, Vance and Huffman, LLC, or anyone else in connection with the account.

136. Mr. Flynn's stolen personal and financial information, along with the stolen account, have been repeatedly sold and resold to con men around the country, who have used that information to contact and falsely threaten Mr. Flynn with litigation, prosecution and other adverse consequences, in efforts to extort the payment of money from Mr. Flynn.

137. The entities named as defendants named in this complaint are the most current entities to obtain Mr. Flynn's stolen personal and financial information and stolen account, and to used that information to contact and falsely threaten Mr. Flynn with litigation, prosecution and other adverse consequences, in efforts to coerce and extort the payment of money from Mr. Flynn to supposedly satisfy a time-barred and non-existent debt, that Mr. Flynn does not owe, and that defendants have no right to collect, as described below.

138.    On January 29, 2020, defendants' employee and agent who identified herself as "Samantha Ray" at "AMS Legal Solutions" placed a call from telephone number 888-916-2567 to Mr. Flynn's wife's cellular telephone and spoke with Mr. Flynn's wife. In the ensuing conversation, defendants' employee and agent made the following representations:

a)    Mr. Flynn owed $10,131.87 to Santander for an unpaid auto loan, Account No. 30000165011451000.

b)    Mr. Flynn had not made a payment on the account since February 2, 2011.

c)    Defendants are lawyers.

d)    Defendants had filed a lawsuit against Mr. Flynn to collect the debt.

e)    The court was going to enter a judgment against Mr. Flynn.

f)    Defendants were going to garnish Mr. Flynn's wages.

g)    Defendants were going to place liens against Mr. Flynn's property.

h)    Defendants were going to harm Mr. Flynn's credit.

i)    Defendants' process server had been dispatched to serve Mr. Flynn with the lawsuit.

j)    Mr. Flynn could avoid these adverse consequences and obtain a "Stop Action Order" if Mr. Flynn agreed to immediately pay defendants a "Summons Retraction Fee" of $100.00, to be followed by a payment of an additional $2,682.96, to be made in three installments of $894.32 each.

139.    On January 30, 2020, defendants sent an email from accreditedmanagementsolutions@gmail.com to Mr. Flynn, stating: "Attached are documents pertaining to your repayment arrangement. It is important that you do carefully review, sign and

41

return these documents as soon as possible. If you have any questions or concerns regarding this process, please contact your representative by calling 1-888-916-2567." Attached to the email was a one-page letter agreement on the letterhead of Accredited Management Solutions, LLC, 8625 Transit Road, East Amherst, New York 14051. The letter falsely stated that Mr. Flynn owed $10,731.87 for an unpaid loan from "CITI-SERVE," Original Account # 30000165011451000, "AMS Internal File Number: U-6476156," that Accredited Management Solutions LLC had acquired the account, and that defendants would be willing to settle for a payment of $2,682.96. The letter also falsely implied that the alleged debt was adversely affecting Mr. Flynn's credit, and that once paid, defendants would report to the "three major credit reporting agencies" that the alleged debt had been "satisfied in full." Also attached to the email was a one-page letter on the letterhead of Accredited Management Solutions, LLC, stating that payments made to AMS would be processed by "United Merchant Asset Recovery or Asset Receivables Management . . . ."  Also attached to the email was a one-page letter on the letterhead of Accredited Management Solutions, LLC, which once signed, would purport to authorize "Asset Receivables Management on behalf of Accredited Management Solutions to directly bill [Mr. Flynn's debit card]." Mr. Flynn refused to sign any of the documents. A copy of the email and documents are attached to this complaint as Exhibit A.

140.    The above-described threats and representations made by defendants and their employees and agents were false and part of a scripted and unlawful, criminal debt collection practice that is ongoing and is currently being perpetrated by defendants to criminally extort the payment of money from thousands of consumers across the country through the use of false threats, intimidation, and unlawful harassment, often times on debts that are not owed and

through the use of unlawfully obtained account and personal information.

141.   Defendants and their employees and agents failed to meaningfully identify themselves and their companies.

142.   Defendants and their employees and agents falsely represented the amount of Mr. Flynn's alleged debt.

143.   Defendants and their employees and agents falsely represented that they had the

144.   Defendants and their employees and agents falsely represented and falsely implied that defendants had a legal department.

145.   Defendants and their employees and agents falsely represented and falsely implied that defendants managed litigation for lawyers.

146.   Defendants and their employees and agents falsely represented and falsely implied that lawyers were involved in the efforts to collect the alleged debt.

147.   Defendants and their employees and agents falsely represented and falsely implied that lawyers would become involved in the efforts to collect the alleged debt.

148.   Defendants and their employees and agents falsely represented and falsely implied that defendants are lawyers.

149.   Defendants and their employees and agents falsely represented and falsely implied that a lawsuit was going to be filed against Mr. Flynn to collect the alleged debt.

150.   Defendants and their employees and agents falsely represented and falsely implied that a lawsuit already had been filed against Mr. Flynn to collect the alleged debt.

151.   Defendants and their employees and agents falsely represented and falsely implied that a complaint had been filed in court against Mr. Flynn.

43

152.     Defendants and their employees and agents falsely represented and falsely implied that Mr. Flynn owed $10,131.87 in connection with an unpaid auto loan, Account No. 30000165011451000.

153.     Defendants and their employees and agents falsely represented and falsely implied that Mr. Flynn the court was going to enter a judgment against Mr. Flynn.

154.     Defendants and their employees and agents falsely represented and falsely implied that defendants were going to garnish Mr. Flynn's wages.

155.     Defendants and their employees and agents falsely represented and falsely implied that defendants were going to place liens against Mr. Flynn's property.

156.     Defendants and their employees and agents falsely represented and falsely implied that the supposedly unpaid debt was harming Mr. Flynn's credit.

157.     Defendants and their employees and agents falsely represented and falsely implied that if Mr. Flynn paid money to defendants, then defendants would report the payment to the three major credit reporting agencies and somehow improve Mr. Flynn's credit.

158.     Defendants and their employees and agents falsely represented and falsely implied that defendants' process server had been dispatched to serve Mr. Flynn with the lawsuit.

159.     Defendants and their employees and agents falsely represented and falsely implied that Mr. Flynn could avoid these false, adverse consequences and obtain a "Stop Action Order" if Mr. Flynn agreed to immediately pay defendants a nonsensical "Summons Retraction Fee" of $100.00, to be followed by a payment of an additional $2,682.96, to be made in three installments of $894.32 each.

160.     Defendants and their employees and agents falsely and wrongfully represented

44

that Mr. Flynn was being sued to collect a non-existent debt that is time-barred and unenforceable by operation of the applicable statute of limitations.

161.    Defendants did not intend to file a lawsuit against Mr. Flynn in any court in efforts to collect the alleged debt.

162.    No Defendant has ever filed any lawsuit in any court to collect any debt from any consumer.

163.    The FDCPA states that it is unlawful for a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any debt.  15 U.S.C. § 1692d.

164.    The FDCPA states that it is unlawful for a debt collector to use criminal means to harm the reputation of any person.  15 U.S.C. § 1692d(1).

165.    The FDCPA states that it is unlawful for a debt collector to place a telephone call without meaningful disclosure of the caller's identity.  15 U.S.C. § 1692d(6).

166.    The FDCPA states that it is unlawful for a debt collector to make any false representation regarding the character, amount, or legal status of any debt.  15 U.S.C. § 1692e(2)(A).

167.    The FDCPA states that it is unlawful for a debt collector to make any false representation regarding the compensation which may be lawfully received by any debt collector for the collection of any debt.  15 U.S.C. § 1692e(2)(B).

168.    The FDCPA states that it is unlawful for a debt collector to falsely represent or imply that any individual is an attorney or that any communication is from any attorney.  15 U.S.C. § 1692e(3).

169.     The FDCPA states that it is unlawful for a debt collector to falsely represent or imply that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.  15 U.S.C. § 1692e(4).

170.     The FDCPA states that it is unlawful for a debt collector to threaten to take any action that cannot legally be taken or that is not intended to be taken.  15 U.S.C. § 1692e(5).

171.     The FDCPA states that it is unlawful for a debt collector to falsely represent or imply that the consumer committed a crime or other conduct in order to disgrace the consumer. 15 U.S.C. § 1692e(7).

172.     The FDCPA states that it is unlawful for a debt collector to communicate to any person credit information which is known or which should be known to be false.  15 U.S.C. § 1692e(8).

173.     The FDCPA states that it is unlawful for a debt collector to use any false representation or deceptive means to collect or attempt to collect any debt.  15 U.S.C. § 1692e(10).

174.     The FDCPA states that it is unlawful for a debt collector to communicate in a communication with a consumer to fail to disclose that the communication is from a debt collector.  15 U.S.C. § 1692e(11).

175.     The FDCPA states that it is unlawful for a debt collector to falsely represent or imply that documents are legal process.  15 U.S.C. § 1692e(13).

176.     The FDCPA states that it is unlawful for a debt collector to use any business,

46

company, or organization name other than the true name of the debt collector's business, company, or organization.  15 U.S.C. § 1692e(14).

177.    The FDCPA states that it is unlawful for a debt collector to use unfair or unconscionable means to collect or attempt to collect any debt.  15 U.S.C. § 1692f.

178.    The FDCPA states that it is unlawful for a debt collector to collect any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.  15 U.S.C. § 1692f(1).

179.    Defendants and their employees and agents have violated the FDCPA, 15 U.S.C. §§ 1692d, 1692d(1) and (6), 1692e, 1692e(2)(A), (2)(B), (3), (4), (5), (7), (8), (10), (11), (13) and (14), and 1692f and 169f(1).

180.    Defendants and their employees and agents failed to timely send to Mr. Flynn a notice containing the information required by 15 U.S.C. § 1692g(a).

181.    Defendants and their employees, managers, owners, agents, affiliates and co-conspirators each have intentionally and wilfully violated the FDCPA.

182.    The FDCPA states in part, "It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors" and "to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged."  15 U.S.C. § 1692(e).

183.    Defendants and their employees, managers, owners, agents, affiliates and co-conspirators, to increase their business and profits, have knowingly chosen to use debt collection practices that violate the FDCPA, to the competitive disadvantage of those debt collectors who have chosen to abide by the law and refrain from using those same unlawful debt collection

47

practices.

184.     In connection with efforts to collect an alleged debt from Mr. Flynn, defendants obtained and used personal information regarding Mr. Flynn and Mr. Flynn's relatives from an internet skip-tracing database, such as LexisNexis Risk Management, Inc. (Accurint), TransUnion Risk and Alternative Data Solutions, Inc. (TLO), UDT Group, LLC (Delvepointe), or Interactive Data, LLC.

185.     The database used by defendants was derived in part from non-public motor vehicle records and searches made with the database are subject to the terms of the Drivers Privacy Protection Act. Subscribers to the database must sign an application stating that the subscriber will comply with the DPPA. Further, every time a subscriber logs on to use the database, the subscriber is confronted with a screen that requires the subscriber to affirmatively state the permissible purpose under the DPPA for which the subscriber is requesting the personal information.

186.     The DPPA was enacted in response to growing concerns over the ease with which stalkers and other criminals could obtain personal information from state departments of motor vehicles. *Reno v. Condon*, 528 U.S. 141, 143–44, 120 S.Ct. 666, 145 L.Ed.2d 587 (2000).

187.     The DPPA states:

(a) Procurement for unlawful purpose. – It shall be unlawful for any person knowingly to obtain or disclose personal information, from a motor vehicle record, for any use not permitted under section 2721(b) of this title.

(b) False representation. – It shall be unlawful for any person to make false representation to obtain any personal information from an individual's motor vehicle record.

18 U.S.C. § 2722.

188.    The DPPA also states:

"personal information" means information that identifies an individual, including
an individual's photograph, social security number, driver identification number,
name, address (but not the 5-digit zip code) [and] telephone number . . . .

18 U.S.C. § 2725(3).

189.    The DPPA also states:

A person who knowingly obtains, discloses or uses personal information, from a
motor vehicle record, for a purpose not permitted under this chapter, shall be
liable to the individual to whom the information pertains, who may bring a civil
action in a United States district court.

18 U.S.C. § 2724(a).

190.    The DPPA enumerates the only "permissible uses" for which personal

information may be obtained.   18 U.S.C. § 2721(b).

191.    Defendants did not have a "permissible use" under the DPPA to obtain, disclose

or use personal information regarding Mr. Flynn and Mr. Flynn's relatives.

192.    Defendants used the database to obtain, disclose and use personal information

regarding Mr. Flynn and Mr. Flynn's relatives.

193.    Defendants made a false representation to the provider of the database to obtain

personal information regarding Mr. Flynn and Mr. Flynn's relatives from Mr. Flynn's and Mr.

Flynn's relative's motor vehicle records.

194.    Alternatively, the entity that obtained Mr. Flynn's and Mr. Flynn's relative's

personal information from the database and disclosed the personal information to defendants,

made a false representation to the provider of the database to obtain the personal information.

195.    It is a crime to knowingly violate the DPPA. 18 U.S.C. § 2723.

196.     It is a violation of the FDCPA for a debt collector to commit a crime in

49

connection with efforts to collect an alleged debt.

197.    Defendants knowingly obtained, disclosed and used Mr. Flynn's and Mr. Flynn's relative's personal information, from a motor vehicle record, for a purpose not permitted under the DPPA, and with willful or reckless disregard for the law.

198.    No defendant had a "permissible use" as the phrase is defined in the DPPA to obtain, use or disclose Mr. Flynn's or Mr. Flynn's relative's personal information obtained from the database.

199.    No defendant had Mr. Flynn's or Mr. Flynn's relatives' consent, permission, authorization or waiver to obtain their personal information from the database.

200.    A civil action under the DPPA may be commenced within four years after the cause of action accrues. 28 U.S.C. § 1658(a); *Rasmusson v. Chisago County,* , 991 F.Supp.2d 1065, 1079 (D.Minn. 2014).

201.    The DPPA imposes vicarious liability on principals for the acts of the actions of their agents who act with apparent authority. *Margan v. Niles,* 250 F.Supp.2d 63, 77 (N.D.N.Y. 2003).

202.    Defendants, and their employees and agents, each have intentionally and wilfully violated the DPPA.

203.    Each defendant was aware, or should have been aware, of the unlawful debt collection practices being used by the other defendants to collect alleged debts.

204.    As an actual and proximate result of the acts and omissions of defendants and their employees and agents, plaintiff has suffered actual damages and injury, including but not limited to, monetary loss, fear, stress, mental anguish, emotional stress, acute embarrassment,

anxiety, loss of sleep, and suffering, for which he should be compensated in an amount to be established at trial.

**V.     Claims for Relief**

**Count 1 – Fair Debt Collection Practices Act**

205.    Plaintiff incorporates the foregoing paragraphs by reference.

206.    Each defendant has violated the FDCPA.  Each defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

a)      Defendants violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

b)      Defendants violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt;

c)      Defendants violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt from plaintiff; and

d)      Defendants violated 15 U.S.C. § 1692g.

**Wherefore,** plaintiff seeks judgment against each defendant for:

a)      Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b)      Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c)      Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d)      Such further relief as the court deems just and proper.

**Count 2 – Drivers Privacy Protection Act**

207.    Plaintiff incorporates the foregoing paragraphs by reference.

208.    Each defendant has violated the DPPA, 18 U.S.C. § 2722(a) and (b).

**Wherefore,** plaintiff seeks judgment against each defendant for:

a)    Actual damages, but not less than liquidated damages in the amount of $2,500.00, pursuant to 18 U.S.C. § 2724(b)(1);

b)    Punitive damages pursuant to 18 U.S.C. § 2724(b)(2);

c)    Reasonable costs and attorneys' fees pursuant to 18 U.S.C. § 2724(b)(3);

d)    An injunction prohibiting defendants from further obtaining or using plaintiff's personal information, pursuant to 18 U.S.C. § 2724(b)(4);

e)    An order requiring defendants to provide plaintiff with the original and all copies of any and all documents of any kind that contain any of plaintiff's personal information, pursuant to 18 U.S.C. § 2724(b)(4); and

f)    An injunction prohibiting defendants from disseminating plaintiff's personal information to any other entity, pursuant to 18 U.S.C. § 2724(b)(4).

Dated: August 10, 2020                              /s/ Phillip C. Rogers
                                                    Phillip C. Rogers (P34356)
                                                    Attorney for Plaintiff
                                                    6140 28th Street SE, Suite 115
                                                    Grand Rapids, Michigan 49546-6938
                                                    (616) 776-1176
                                                    ConsumerLawyer@aol.com